IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**VICTOR DUNCAN,**

       **Plaintiff,**

**vs.**                                                    **4:05CV432-MMP/AK**

**PRISON HEALTH SERVICES, et al,**

       **Defendants .**

       _____/

## O R D E R

The Court has reviewed the complaint pursuant to 28 U.S.C. §1915A, and it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he has been denied medical care and names Prison Health Services, a non-suable entity, and six medical personnel as defendants. Plaintiff should delete Prison Health Services as a defendant since only persons may be sued under section 1983.

Plaintiff lists by date numerous incidents where he requested medical attention, but complains about the type or extent of examination or the treatment or medication given. He names only Defendants Davis, Delaney and Hamilton with regard to three incidents. The other defendants are not included in the substance of the complaint. Plaintiff complains in most of the incidents described that Prison Health Services denied him care, but specific persons were responsible for the decisions he complains about and these persons should be identified as to their actions or inactions with regard to each incident he complains about. Finally, Plaintiff complains about numerous health care issues over several months. In describing the incidents he should group them by Defendant to enable them to adequately respond to the claims he makes against them. Plaintiff has set his claims in a diary type form and failed to link the incidents to any particular defendant.

Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary requirements. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001). The "objective component" of the Eighth Amendment standard requires a determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991). This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S.

337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).  An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104.  A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105.  This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837.  In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor, 221 F.3d at 1258.

**In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law**.  The Court has read the allegations and most, if not all, of Plaintiff's

3

claims concern his disagreement with treatment and medications, not a complete disregard for his care.

If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **February 20, 2006.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this   *2nd* day of February, 2006.


                          *s/ A. KORNBLUM*
                          **ALLAN KORNBLUM**
                          **UNITED STATES MAGISTRATE JUDGE**